


# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

**CENTURY CITY DOCTORS HOSPITAL, LLC,**

Debtor(s).

---

**HEATHER WALSH,**

Plaintiff(s).

v.

**CENTURY CITY DOCTORS HOSPITAL, LLC,**

Defendant(s).

Case No.: LA08-23318SB

Chapter 7

Adv. Case No. 09-ap-01101SB

**OPINION DISMISSING WARN ACT CLAIM**

Date: May 19, 2009
Time: 11:00 a.m.
Ctrm: 1575
Floor: 15th

## I. INTRODUCTION

This case raises the issue of whether the Worker Adjustment and Retraining Notification Act (the "WARN Act" or "the Act"), 29 U.S.C. § 2101-2109 (2006), applies to a trustee in a chapter 7[1] bankruptcy case. While the court does not foreclose a possibility that the WARN Act may apply in an appropriate chapter 7 trustee, the court finds that, under the facts of this case, the chapter 7 trustee was not acting as an "employer" within the meaning of the Act, and thus, was not subject to the Act's requirements. Accordingly, debtor's former employees' WARN Act claim

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2009) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

against the trustee is dismissed on the grounds that it fails to state a claim upon which relief can be granted.

## II. RELEVANT FACTS

At the time of the filing of the chapter 7 bankruptcy petition, debtor Century City Doctors Hospital ("CCDH") was operating a 176-bed acute care hospital and had approximately 30 patients under care. Immediately upon filing, the trustee obtained authority to operate CCDH for a limited period of time for the purpose of attending to its remaining patients, shutting down its operations and complying with government regulations relating to the disposal of medical waste and hazardous materials. In fact, within the first week after filing, most of the patients were discharged and the remaining patients were transferred to other hospitals.

Plaintiffs are former CCDH employees. Some two hours after the bankruptcy filing, the trustee caused a mass layoff of employees, including some of the plaintiffs. The trustee operated CCDH with the remaining staff members for several days for the limited purpose of providing medical services for the remaining patients and ensuring that CCDH's business was wound up in a timely and efficient manner.

On August 26, 2008, four days after the bankruptcy filing, the trustee mailed out to the remaining plaintiffs a memorandum announcing their termination. Plaintiffs brought this adversary complaint against the estate for violation of the WARN Act.

## III. ANALYSIS

The WARN Act requires an "employer" to provide its employees with sixty days notice[2] of a "plant closing" or "mass layoff."[3] 29 U.S.C. § 2102. If the employer

---

[2] The WARN Act provides for certain exclusions and exemptions from the sixty day notification requirements. See 29 U.S.C. §§ 2101(b); 2103 (2006). However, none of those exceptions is applicable in this case.

[3] "[T]he term 'plant closing' means the permanent or temporary shutdown of a single

fails to do so, it may be liable for up to sixty days' back pay. See id. § 2104. The issue in this case is whether the trustee, acting on behalf of the estate of CCDH, was an "employer" within the meaning of the WARN Act, and was therefore subject to WARN Act notification requirements when plaintiffs were laid off following the chapter 7 bankruptcy filing. If the trustee did not continue operation of CCDH's business as an "employer" under the Act, he was not subject to the Act's notification requirements and the WARN Act claim against him should be dismissed. See *In re United Healthcare System, Inc.*, 200 F.3d 170 (3d Cir. 1999).

The WARN Act defines the term "employer" as "any business enterprise that employs 100 or more employees, excluding part time employees . . . ."[4] *Id.* § 2101. Although the statute does not define the term "business enterprise," the Department of Labor comment provides some guidance as to when a bankruptcy trustee may be a "business enterprise" subject to the WARN Act:

> [A] fiduciary whose sole function in the bankruptcy process is to liquidate a failed business for the benefit of creditors does not succeed to the notice obligations of the former employer because the

---

site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees;" and "the term 'mass layoff' means a reduction in force which is not the result of a plant closing; and results in an employment loss at the single site of employment during any 30-day period for at least 33 percent of the employees (excluding any part-time employees); and at least 50 employees (excluding any part-time employees); or at least 500 employees (excluding any part-time employees)[.]" *Id.* § 2101.

[4] In this case, the requisite number of employees to be subject to the WARN Act is satisfied.

2

fiduciary is not operating a "business enterprise" in the normal commercial sense. . . . In other situations, where the fiduciary may continue to operate the business for the benefit of creditors, the fiduciary would succeed to the WARN obligations of the employer precisely because the fiduciary continues the business in operation.

54 Fed. Reg. 16,042, 16,045 (1989). Thus, whether a bankruptcy trustee is an "employer" under the Act turns on the facts of the particular case.

The closest case on point is *In re United Healthcare System*. Relying on the Department of Labor commentary, the Third Circuit reasoned that the qualification of a debtor in possession in a chapter 11 case as an "employer" under the WARN Act "depends on the nature and extent of the entity's business and commercial activities while in bankruptcy, and not merely on whether employees continue to work 'on a daily basis'." *Id.* at 178. The court further stated;

> The more closely the entity's activities resemble those of a business operating as a going concern, the more likely it is that the entity is an 'employer;' the more closely the activities resemble those of a business winding up its affairs, the more likely it is the entity is not subject to the WARN Act.

*Id.* The *United Healthcare System* court found that the actions of the debtor in possession from the time of filing the case clearly demonstrated an intent to liquidate. *Id.* In consequence, the court found that the WARN Act did not apply, even though the debtor operated the business under chapter 11 for a period of time.

In contrast to the *United Healthcare System* case, this is a chapter 7 case. Because there is no caselaw or statutory provision regarding the application of the WARN Act in chapter 7 cases, the Department of Labor's comments are entitled great deference in interpreting a federal labor statute. *See, e.g., Chauffeurs, Sales Drivers, Warehousemen & Helpers Union Local 572 v. Weslock Corp.*, 66 F.3d 241, 244 (9th Cir. 1995) (relying on the Department of Labor comments as authoritative interpretations of the WARN Act in determining that a creditor that took possession of a business to enforce a security interest was not subject to the WARN Act); *United Health Care System*, 200 F.3d at 176-77 (same).

Under the interpretation of the Department of Labor, a chapter 7 trustee would rarely be subject to the WARN Act, because the trustee does not "operat[e] a 'business enterprise' in the normal commercial sense." The purpose of a chapter 7 case is the liquidation of a debtor's business, not its operation. *See* 11 U.S.C. § 704.

This analysis may not be strictly applicable in all chapter 7 cases. A chapter 7 trustee may decide to operate a business enterprise in the "normal commercial sense" for a period of time, such that the WARN Act may apply to the termination of employees during such operations. Thus, it appears possible that a WARN Act claim could properly be asserted if a chapter 7 trustee were to continue to operate a business for a period of time. The Department of Labor interpretation of the WARN Act supports this view: "[T]he Department does not think it appropriate to exclude all bankrupt companies from the definition of '[employer'.]" 54 Fed. Reg. at 16045. Accordingly, the Department rejected the bright-line rule that a trustee in a bankruptcy case should always be excluded from the definition of employer. *Id.*

This raises a question of how and how long the trustee must operate the business "in the normal commercial sense" to become subject to the WARN Act. Plaintiffs point to the fact that the trustee did operate the hospital in this case pursuant to court authority for a few days, and argue that this made the trustee subject to the WARN Act.

The court need not decide in this case how long a trustee must operate a business to become subject to the WARN Act. From the outset of this case, the trustee did not operate the business of CCDH "in the normal commercial sense." In accordance with the court's order, the trustee operated CCDH solely for the limited purpose "of shutting down the Debtor's operations and complying with government regulations relating to disposal of medical waste and hazardous materials."

3

Order Granting Motion for Authority to Operate the Debtor's Business, Aug. 22, 2008. The trustee's intentions have consistently been to close the hospital business at the earliest reasonable time and to liquidate its assets for the benefit of its creditors. The trustee only operated CCDH for approximately a week from the date of filing, and the trustee's brief operation of CCDH was not for any commercial purpose. Thus, the trustee acted solely as a "liquidating fiduciary," rather than an employer "operating a business enterprise in the normal commercial sense."

## IV. CONCLUSION

While the court leaves open the question whether the WARN Act can ever apply in a chapter 7 case, it finds the Act is clearly inapplicable in this case. From the outset, this has been a liquidation case. Thus, the chapter 7 trustee is "a fiduciary whose sole function in the bankruptcy process is to liquidate a failed business for the benefit of creditors." The trustee in fact operated the business only for a few days, and solely to complete the care of patients in the hospital, or to transfer them to other facilities. In consequence, the trustee is not an "employer" within the meaning of the WARN Act, and as such, does not succeed to the notice obligations of the former employer. The motion to dismiss the WARN Act claim against the trustee is granted without leave to amend.

Dated: August 17, 2009            AUG 17 2009

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

4

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **OPINION DISMISSING WARN ACT CLAIM** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 17, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

| | |
|---|---|
| Blake Lindemann, Esq. | ecf@llgbankruptcy.com |
| Richard K. Diamond, Trustee | rdiamond@ecf.epiqsystems.com, jlv@dgdk.com |
| Steven J. Schwartz, Esq. | sschwartz@dgdk.com |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Heather Walsh
1330 Manhattan Beach Boulevard
Manhattan Beach, California 90266

Century City Doctors Hospital, LLC
120 South Spalding Drive
#233
Beverly Hills, California 90212

Randy Rosen
c/o Devin McRae, Esq.
Glaser, Weil, Fink et al.
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067

Peter M. Jaynes, Esq.
Berman Berman & Berman LLP
11900 West Olympic Boulevard
Suite 600
Los Angeles, California 90064-1151

Salus Surgical Group, LLC
c/o Linda Kenworthy
120 South Spalding Drive
#233
Beverly Hills, California 90212

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):